[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16451
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 16, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-20314-CR-JLK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BAKARI DEONTRE BROWN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 16, 2009)

Before TJOFLAT, WILSON and FAY, Circuit Judges.

PER CURIAM:

Bakari Deontre Brown appeals his conviction for possession of a firearm by

a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On appeal, Brown argues that the district court erred by admitting into evidence two judgments, each reflecting a prior conviction for possession of a firearm, because this evidence was more prejudicial than probative, violating Federal Rule of Evidence 404(b). He explains that the only issue in the case was whether he was in fact the person who robbed the victim of her purse at gunpoint, but that the government did not, as it was required, present evidence to show that Brown "acted in conformity with the circumstances of the prior offenses, or that the circumstances of the offense were the 'handiwork' of Mr. Brown." Instead, Brown argues, the government used the evidence to show that he had "the propensity to possess firearms," a purpose that violates Rule 404(b). The government concedes that the court abused its discretion by admitting the evidence of the two prior firearm possession crimes into evidence. Moreover, the government explains that, during its preparation for this appeal, it discovered that the judgments entered into evidence were inadvertently not redacted and thus the judgments contained documentation of Brown's other crimes as well. It maintains, however, contrary to Brown's position, that the errors were harmless because the evidence of Brown's guilt was overwhelming.

We review the district court's admission of evidence under Rule 404(b) for abuse of discretion. *United States v. Matthews*, 431 F.3d 1296, 1311 (11th Cir.

2005). Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, [or] identity. . . ." FED. R. EVID. 404(b). Rule 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403. When Rule 404(b) evidence is offered to establish identity, this standard is "particularly stringent" and "the likeness of the offenses is the crucial consideration." *United States v. Lail*, 846 F.2d 1299, 1301 (11th Cir. 1988). "The physical similarity must be such that it marks the offenses as the handiwork of the accused, . . . demonstrat[ing] a modus operandi." *Id.*

Reversal is not required when a district court's admission of Rule 404(b) evidence was erroneous, as long as the error was harmless. *Id.* at 1301-02. "We often have concluded that an error in admitting evidence of a prior conviction was harmless where there is overwhelming evidence of guilt." *United States v. Harriston*, 329 F.3d 779, 789 (11th Cir. 2003) (per curiam). Harmless error is

3

error that "had no substantial influence on the outcome" of the case because "sufficient evidence uninfected by error supports the verdict." *Id.* (citations omitted). Courts weigh the record as a whole when determining whether an error had a substantial influence on the outcome of the proceedings. *See United States v. Montalvo-Murillo*, 495 U.S. 711, 722 (1990).

Regarding the jury's exposure to Brown's crimes beyond those that the court intended to admit into evidence before the jury, prejudice is presumed when the jury has extrinsic evidence in the jury room. *United States v. Pessefall*, 27 F.3d 511, 515 (11th Cir. 1994) (concerning the jury's inadvertent exposure to the case agent's notes). This presumption, however, is not conclusive. *United States v. Martinez*, 14 F.3d 543, 550 (11th Cir. 1994). The government can rebut this presumption with evidence of "the nature of the extrinsic information, the manner in which the information reached the jury, and the strength of the government's case." *Pessefall*, 27 F.3d at 515. (citation omitted).[1]

"The cumulative error doctrine provides that an aggregation of non-reversible errors (i.e., plain errors failing to necessitate reversal and harmless

---

[1] This rebuttable presumption of prejudice derives from *Remmer v. United States*, 347 U.S. 227, 229 (1954). Two of this Court's decisions have stated that prejudice is not presumed. *See United States v. Rowe*, 906 F.2d 654, 656-57 (11th Cir. 1990); *United States v. De La Vega*, 913 F.2d 861, 870 (11th Cir. 1990). This conflict was recognized in *United States v. Martinez*, 14 F.3d 543, 550 n.3 (11th Cir. 1994), but we declined to resolve the conflict because it had no bearing on the outcome. As in *Martinez*, the presumption is not dispositive because, even granting Brown the presumption, the government has sufficiently rebutted the presumption.

errors) can yield a denial of the constitutional right to a fair trial, which calls for reversal." *United States v. Baker*, 432 F.3d 1189, 1223 (11th Cir. 2005) (internal quotations omitted). "The harmlessness of cumulative error is determined by conducting the same inquiry as for individual error—courts look to see whether the defendant's substantial rights were affected." *Id.* (citation omitted).

Here, the district court erroneously admitted evidence relating to Brown's two prior firearm convictions pursuant to Rule 404(b). The district court believed that the previous convictions were relevant because they also dealt with possession of a firearm. However, no accompanying evidence was submitted so that the jury could compare the similarities between the prior convictions and the charge offense and decide whether the present crime was Brown's handiwork. *See Lail*, 846 F.2d at 1301. Because identity was the only contested issue at trial, evidence relating to Brown's two firearm convictions was improperly admitted in the absence of a showing of a physical likeness between those offenses and the charged offense.

Moreover, not only was evidence of Brown's prior firearm convictions improperly admitted, but the judgments submitted to the jury were not redacted and thus also documented Brown's other previous crimes. Thus, Brown was prejudiced by the exposure of the jury to this evidence, and we must determine

whether that exposure was harmless by addressing the nature of the extrinsic evidence, the manner in which the information reached the jury, and the strength of the government's case. *See Pessefall*, 27 F.3d at 515.

The nature of the extrinsic evidence was evidence of Brown's prior crimes, as well as of his aliases and habitual felony offender status. As to the manner in which the information reached the jury, the extrinsic evidence was included in the same document as evidence that had been ruled admissible, and on which the court gave jury instructions. These jury instructions, rather than mitigating prejudice, appear to have compounded the initial errors. The court's instructions were confusing and unclear. The instructions asked the jury to not consider the evidence in determining whether Brown committed the charge in the indictment, yet the court also stated that the evidence may be considered to determine if the defendant was the one who perpetrated the crime charged in the indictment. Also, while the court thought it was giving instructions to consider only the firearm offenses, it was inadvertently instructing the jury to consider evidence that had not been validly entered into evidence, because Brown's previous crimes, beyond the two firearms offenses, were included in the judgments.

While these errors are prejudicial and cumulative, we must still determine whether the third factor in the prejudice analysis, the strength of the government's

evidence, can overcome the harm. *See id.* To convict a defendant of possession of a firearm by a convicted felon, the government must prove beyond a reasonable doubt that: (1) the defendant was convicted of a felony, (2) the defendant knowingly possessed a firearm, and (3) the firearm was in or affecting interstate commerce. 18 U.S.C. § 922(g)(1); *United States v. Deleveaux*, 205 F.3d 1292, 1296-97 (11th Cir. 2000).

At trial, Brown and the government stipulated that Brown had previously been convicted of a felony, thereby satisfying the first element of 18 U.S.C. § 924(b). They also stipulated that the firearm used in the offense moved through interstate commerce, which satisfied the third element of § 924(b). Thus, the only element for trial was whether Brown knowingly possessed the firearm. *See* 18 U.S.C. § 924(b). In this regard, the only issue was whether Brown was the suspect who had robbed the victim, Margarita Flores, with a firearm.

At trial, Flores testified that she identified Brown on the day of the crime as the individual who had robbed her at gunpoint. A police officer, Officer Rodriguez, testified that on the day in question he (1) heard a woman screaming, (2) saw a man running with a purse and gun, and (3) encountered Flores, who stated, "[t]hat man just robbed me" and was pointed in the direction where Rodriguez had just seen the man. Rodriguez testified that he drove towards the

suspect, saw him get into a white Crown Victoria, and followed it as it sped away.

Rodriguez also testified that, after the Crown Victoria collided with a pick up

truck, he saw Brown jump out of the vehicle and start running away. Rodriguez

testified that he identified Brown at the scene as the suspect in the robbery.

Rodriguez further stated that he looked into the vehicle that Brown had been

driving, and observed a firearm and a purse. Rodriguez learned that Brown's

cousin owned the vehicle; however, evidence later presented at trial revealed that

Brown's cousin was "several pounds heavier" than Brown, and the two men were

not physically similar. Thus, it is unlikely that Flores confused Brown with his

cousin. Rodriguez also testified that he found a shoe in a fence while searching for

Brown and Brown was missing that shoe when he was found. In court, Rodriguez

positively identified Brown as the suspect he had seen with a gun on the day of the

robbery. Finally, another police officer, Officer Ferrin, testified that his canine

partner had alerted twice during the day on which the robbery took place – once

when he found the shoe in the fence, and again when he discovered that Brown

was hiding in a garbage can.

To rebut this evidence, Brown only presented testimony from a detective

that the fingerprints taken from the scene of the accident did not match his, but

matched other individuals instead. However, the detective also testified that the

lab report concerning the fingerprints was not designed to reflect partial or unusable fingerprints, and thus, the report would not have been able to conclusively establish whether someone was or was not present in the vehicle.

On appeal, Brown argues that the evidence was not overwhelming because (1) Flores was unable to identify him in the courtroom as the man who robbed her, (2) he was shirtless when found by police, contrary to Flores's testimony that the robber was wearing a white T-shirt during the robbery, and (3) he could have been fleeing from police for other reasons, as evidenced by his criminal record. However, these reasons are not sufficient to conclude that the evidence was not overwhelming. Flores testified that she was able to identify Brown at the scene as the man who robbed her; moreover, as to her inability to identify him in court as the robber, she explained that it had been a year and eight months and that she didn't "remember very well." As to his being shirtless when he was found by police, and that he may have had other reasons for fleeing from the police, these do overcome the testimonial evidence that supports the strength of the government's case, because it is plausible that he could have taken the T-shirt off as he was fleeing and also plausible that he was fleeing to escape capture for robbing Flores.

In conclusion, the district court abused its discretion by admitting the evidence of Brown's prior crimes of firearm possession. Moreover, the judgments

included evidence about Brown's other crimes that had not been admitted into evidence. Nevertheless, based on the overwhelming direct and circumstantial evidence of Brown's guilt, we conclude that any error was harmless.

Upon review of the record and consideration of the parties' briefs, we affirm.

**AFFIRMED.**